Wright, J.,
delivered the opinion of the Court.
This was an indictment containing two counts : The first against Polly Baily, for perjury, and the second, against the defendant, John W. Lea, for subornation of pei’jury. In the second count, the manner of which the perjury was committed by the said Polly Baily, is attempted to be set out without any reference to the antecedent count. And the subornation charged against the said Lea, consists in feloniously procuring the said Polly Baily to commit the perjury in this second count; omitting, also, in this branch of the accusation, any notice of the averments contained in the first count. The counsel of Lea moved the Circuit Court to quash the indictment, upon the ground as stated in argument, of a misjoinder of persons and offenses: and thereupon the Attorney-General for the State, with the assent of the Court, entered a nolle prosequi, as to the said Polly Baily; but the counsel of Lea still insisted upon his motion to quash, which was sustained by the Circuit Court; and the State appeals.
It is now contended by the counsel of Lea, that the indictment, as to him, is fatally defective upon many grounds. And this is conceded to be so by the Attorney General, unless the count against the accused, Lea, can be supported by reference to the averments in the first count against Polly Baily ; and on the other hand-, it is not denied by the counsel of Lea, that if this *177 can be done, the indictment against Mm is good. So, that case resolves itself into the question, whether the count against the prisoner, Lea, can take any aid from the antecedent count against Polly Baily.
We are not able to perceive why these parties were not properly joined in the same indictment, and charged in separate counts, though their offenses be distinct. They were of the same nature, admitted of the same plea, and the same judgment: Campbell vs. The State, 9 Yer., 383. But it is not material to consider this, as it is disposed of by the nolle prosequi.
Undoubtedly, as we think, one count in an indictment — incomplete, and imperfect in itself — when standing alone, may, if framed with that view, be supported by the averments of another count contained in the same indictment. And this is so, although the other count may be bad, and may have been quashed, or being good, a nolle prosequi may have been entered upon it, provided the united averments of the two, i. e., the principal count, and the matter borrowed from the other, constitute, together, a complete accusation and statement of the offense. But to have this effect, the count upon which the provision is to be tried, must contain a reference in apt and proper words, to the matter or thing embodied in the other count relied on to supply its defects, so as to appropriate and make such foreign matter its own. And a want of proper averments in a subsequent count, will not be aided by such allegations in a former count, where there is no reference-to such former count for finding of the omitted fact, or averment. Each count must be a complete indictment within itself, charging all the facts and circumstances *178 that make the crime. But it is not the less so by incorporating into it — by apt averments — the allegations in a former count in the same indictment. But this must be clearly done by reference to something certain, before the former count be looked to. Mr. Chitty, in his work on Criminal Law, 1 Chitty’s C. Law, 249, 250, says, every separate count should charge the defendant, as if he had committed a distinct offense, because, it is upon the principle of the joinder of offenses, that the joinder of counts is admitted. And though every count should appear upon the face of it, to charge the defendant with a distinct offense, yet one count may refer to matter in any other count, so as to avoid unnecessary repetitions; and though the first count should be defective, or be rejected by the grand jury, this circumstance will not vitiate the residue; but if the other count referred to a writ or warrant improperly set forth in the first, the whole indictment will be invalid. The same doctrine prevails in civil proceedings. In 1 Chitty’s Pleading, 856, the rule is thus stated: In forming a second or subsequent count for the same cause of action, care should be taken to avoid any unnecessary repetition of the same matter; and by an inducement in the first count, applying any matter to the following counts, and by referring concisely in the subsequent counts to such inducements, much unnecessary prolixity may be avoided, and this is usual in actions for words, and proper to be attended to in all cases. But, unless the second count expressly refers to the first, no defect therein will be aided by the preceding count, for though both counts are in the same declar *179 ation, yet they are as distinct as if they were in separate declarations; and consequently, they must independently contain all necessary allegations, or the latter count must expressly refer to the former. In support of this practice thus laid down by the same author, in his two works, the one upon Criminal, and the other, Civil Pleading: 2 Hen. Bla., 131-2, with other authorities, are cited. In 6 Bac. Ab., (Pleas and Pleadings B., 1,) 188, if there be no reference in the one count to the other, the rule is stated to be, that any thing in the first count, which was right, could not help any defect in the second, for though they both were put in one declaration, yet they were as distinct as if they had been in two several actions. So, we understand the rule to be, as laid down in Wharton’s Cm. Law, 154, 208, to which we have been referred by the Attorney General: See also, Stiles vs. Nokes, 7 East, 493, opinion of Lawrence, J.
But, if one count can derive no aid from another, without an express reference to the material matter in that other, where the several counts in the indictment are but so many different modes of laying the same offense, it is equally clear, that where — as here — the two counts not only embrace different offenses, but different offenders; the reference is necessary, and without it, each count must stand or fall upon its own allegations.
This being so, and the count against defendant Lea, by itself, being bad, because it does not properly state the guilt of perjury upon Polly Baily, without which, the accessional offense of subornation of perjury cannot exist, and forasmuch as we think it does not so re *180 fer to the averments or matter of the first count, as to enable us to look to" them, we hold, the Circuit Judge did not err in quashing it, and affirm his judgment.